LAWRENCE JAMARQUES BRADLEY,

       Plaintiff,

       v.                                    Case No. 26-cv-0403-bhl

SOUTHERN HEALTH PRACTICES,
RN JULIE,
RN HEATHER,
WALWORTH COUNTY SHERIFF, and
COUNTY OF WALWORTH,

       Defendants.

## SCREENING ORDER

Plaintiff Lawrence Jamarques Bradley, who is currently serving a state prison sentence at the New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Bradley's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Bradley has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Bradley has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $45.03. Bradley's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Bradley, on April 27, 2025, he fell and broke his hand. He states that Nurse Julie told him she would order an x-ray, but she did not provide any treatment or pain medication. Bradley asserts that for four days he did not receive any medical attention. After about ten days, Bradley met with a doctor who stated that Bradley had cancelled his own appointment to see the specialist. Bradley does not explain whether he cancelled the appointment or why the doctor believed Bradley had cancelled the appointment. Bradley states that he went four months without medication or treatment for his hand. He asserts that an x-ray revealed his hand was broken, but he does not state when he received the x-ray or who reviewed the results. According to Bradley, Nurse Heather denied and/or cancelled medical assistance because Bradley had exercised his rights. Bradley does not explain what rights he exercised or when he exercised them or how Nurse Heather was aware that he exercised them.

2

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. *See Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To state a claim, a pretrial detainee must allege that he suffered from a serious medical condition and that the defendants' response to his condition was objectively unreasonable. *Williams*, 937 F.3d at 942. The Court can reasonably infer that Bradley's broken hand qualifies as a serious medical condition, so he satisfies the first prong of the standard. The Court can also reasonably infer that Nurse Julie's failure to provide any treatment or pain relief to Bradley immediately after he broke his hand was an objectively unreasonable response. Accordingly, Bradley may proceed on a medical care claim under the Fourteenth Amendment against Nurse Julie.

Bradley's allegations against the remaining Defendants, however, are too vague to state a claim. With regard to Nurse Heather, Bradley asserts that she denied and/or cancelled medical assistance because he exercised his rights, but he does not describe what medical assistance she cancelled, when she cancelled it, what interactions she had with Bradley, what rights Bradley exercised, or why Bradley's exercise of his rights motivated her to cancel the unspecified medical assistance. Without this factual content, the Court cannot reasonably infer that she violated his rights. *Twombly*, 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Similarly, Bradley concludes that "Defendants SHP and County of Walworth both have final policy making authority that allows these nurses to execute the customs and policy practice that they have created and implemented," but he does not identify any custom or policy or explain how the unidentified custom or policy impacted him. *Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it has long been held that respondeat superior liability does not apply to private corporations or municipalities under §1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).

Finally, Bradley acknowledges that he does not state a claim against the Walworth County Sheriff, explaining that he included him as a Defendant only as a "temporary placeholder" to help

him learn the full names of the nurses.  No such placeholder is necessary, so the Court will terminate the Sheriff from this action.

Accordingly, this case will proceed on a narrow claim against Nurse Julie based only on her initial response to Bradley's injury.  If Bradley would like to file an amended complaint that includes factual content supporting additional claims, he must do so by **May 27, 2026**.  If he chooses to do so, Bradley should prepare his amended complaint like he is telling a story to someone who is not familiar with the facts of his case.  He should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; (4) what he said and what was done in response, and (5) how he was impacted by what happened.  If Bradley is content to proceed on a claim against Nurse Julie, then he does not have to file an amended complaint.

**IT IS THEREFORE ORDERED** that Bradley's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Bradley fails to state a claim against Southern Health Practices, RN Heather, Walworth County Sheriff, and County of Walworth, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon RN Julie pursuant to Federal Rule of Civil Procedure 4.  Bradley is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. §1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3).  Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.  The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that RN Julie shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Bradley is located.

**IT IS FURTHER ORDERED** that the agency having custody of Bradley shall collect from his institution trust account the $304.97 balance of the filing fee by collecting monthly payments from Bradley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each

4

time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Bradley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Bradley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Bradley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 27th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5