UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE JAMARQUES BRADLEY,

Plaintiff,

v.                                                    Case No. 26-cv-0403-bhl

RN JULIE,
RN HEATHER and
SOUTHERN HEALTH PRACTICES,

Defendants.

## SCREENING ORDER

Plaintiff Lawrence Jamarques Bradley, who is currently serving a state prison sentence at the New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was held at the Walworth County Jail prior to revocation of his supervised release. On April 27, 2026, the Court screened the complaint and allowed Bradley to proceed on a medical care claim against Nurse Julie. On June 25, 2026, with the Court's permission, Bradley filed an amended complaint. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Bradley, on April 27, 2025, he fell and injured his hand. Nurse Julie was notified and provided Bradley with an ice pack. Bradley asserts that she also told him she would order an x-ray. Bradley asserts that it was not until two days later, after his friend called to complain, that he received an x-ray. Bradley highlights that he is a Black male who is incarcerated, and his friend is a White female who is not incarcerated. He suspects that the delay may have been the result of discrimination. Bradley also states that he had to wait about thirteen hours before jail staff informed him that the x-ray showed that his hand was broken. Staff also informed Bradley that he would be scheduled to see a specialist.

Bradley asserts that he had to wait about two weeks to see the specialist. He states that medical staff, including Nurse Julie and Nurse Heather, did not provide him with treatment or pain medication for his hand even though they knew his hand was broken. Moreover, when Bradley was seen by the orthopedist, he was informed that his appointment had been cancelled. Nevertheless, the orthopedist proceeded with the appointment. Bradley asserts that Nurse Julie and Nurse Heather cancelled the appointment in an attempt to sabotage his treatment because of the numerous complaints he had filed.

## THE COURT'S ANALYSIS

According to the Department of Corrections inmate locator, Bradley was moved from the Walworth County Jail to Dodge Correctional Institution on August 5, 2025, following his return from extended supervision. Bradley was therefore a convicted prisoner while he was at the jail. Accordingly, his medical care claims arise under the Eighth Amendment, which "as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016)). "A delay in treatment may show deliberate indifference if it exacerbated [the

2

plaintiff's] injury or unnecessarily prolonged his pain." *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

Based on the foregoing, Bradley states a medical care claim against Nurse Julie and Nurse Heather based on allegations that they delayed arranging treatment for his hand and did not provide him with pain or other treatment while he waited to see the orthopedist. Bradley does not, however, state a claim against Southern Health Practices. Bradley includes no allegations against this entity, and it has long been held that respondeat superior liability does not apply to private corporations under §1983. *See Shields v. Illinois Dep't of Corr*., 746 F.3d 782, 789 (7th Cir. 2014).

Nor does Bradley state a claim in connection with the scheduling snafu he describes in the amended complaint. According to Bradley, the orthopedist proceeded with the evaluation, so Bradley suffered no harm from the scheduling confusion. *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.'").

Finally, Bradley does not state a claim of discrimination under the Equal Protection Clause based on allegations that he received an x-ray shortly after his friend called the jail to complain. To state such a claim, a plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Bradley does not identify members of an unprotected class who were similarly situated to him (*i.e.*, people who were incarcerated at the jail and in need of an x-ray) and who were treated differently from him (*i.e.*, because they received an x-ray in fewer than two days after their injury).

**IT IS THEREFORE ORDERED** that Bradley fails to state a claim against Southern Health Practices, so the clerk's office is directed to terminate it from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon RN Heather pursuant to Federal Rule of Civil Procedure 4. Bradley is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived

3

either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that RN Heather and RN Julie shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 6th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4